UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RLE INTERNATIONAL, INC., a
Michigan corporation

    Plaintiff/Counter-Defendant,

v.

MULLEN TECHNOLOGIES, INC., a
California corporation

    Defendant/Counter-Plaintiff.

And

RLE INTERNATIONAL, INC., a
Michigan corporation

    Third-Party Plaintiff,

v.

VCST INTERNATIONAL B.V., a
A California corporation

    Third-Party Defendant.

Case No. 25-cv-10582
Hon. Denise Page Hood

_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR WITHDRAWAL OF ATTORNEY KRISTOPHER HULLIBERGER [ECF NO. 17]

### I. INTRODUCTION

Before the Court is Defendant Mullen Technologies, Inc.'s motion for withdrawal of attorney Kristopher Hulliberger. [ECF No. 17]. The motion is fully

briefed. A hearing was held on November 12, 2025. For the reasons set forth below, the motion is GRANTED.

## II.   BACKGROUND

On March 3, 2025, Plaintiff RLE International, Inc., ("RLE") filed this instant action against Defendant Mullen Technologies, Inc.'s ("Mullen") alleging Mullen breached the Parties' contract when it failed to pay the full balance owed pursuant to the Parties' purchase order. [ECF No.1, PageID.2]. On August 13, 2025, Mullen filed its answer to RLE's complaint along with a countercomplaint. [ECF No. 10]. Mullen's countercomplaint alleges the following claims: (I) breach of contract; (II) unjust enrichment; (III) conversion; (IV) negligent misrepresentation; (V) breach of implied warranty of fitness for a particular purpose; and (VI) fraudulent inducement. [*Id*. at PageID.35-39]. An amended third-party complaint was filed on September 10, 2025, adding third-party defendant VCST International B.V. ("VCST") to the matter. [ECF No. 15]. RLE's amended third-party complaint alleges the following claims: (I) breach of contract against Mullen; (II) breach of contract against VCST; (III) breach of implied warranties of merchantability and fitness for a particular purpose against VCST; (IV) common law indemnification against VCST; and (V) foreclosure of artisan's lien and order for sale of personal property against Mullen. [ECF No. 15, PageID.83-90]. On September 22, 2025, Mullen filed a motion for withdrawal of attorney Kristopher Hulliberger citing irreconcilable breakdown of

2

the attorney-client relationship. [ECF No. 17, PageID.105-106]. On October 6, 2025, RLE filed a response concurring with Mullen's motion for withdrawal but requests that the Court issue an order requiring Mullen to obtain new counsel within 30 days and file an answer to the amended complaint within 14 days of the appearance of new counsel. [ECF No. 20, PageID.113-114].

### III.   APPLICABLE LAW AND ANALYSIS

In support of the motion to withdraw, Attorney Kristopher Hulliberger cites Local Rule 83.25 and the Michigan Rules of Professional Conduct 1.16 in support of his withdrawal. [ECF No. 17, PageID.105-106]. Attorney Hulliberger claims that due to the irreconcilable breakdown of the attorney-client relationship, he and the rest of his firm can no longer zealously represent Mullen in this matter. *Id*. Attorney Hulliberger states that his withdrawal gives sufficient time for Mullen to find new counsel as there are no deadlines such as discovery cutoff or dispositive motions or even a trial date yet. [*Id*. at PageID.106]. Attorney Hulliberger claims that he has advised Mullen's in-house counsel of this motion but received no response. [*Id*. at PageID.106].

The Local Rules, E.D. Mich. LR 83.25, provides that an attorney's appearance in a civil matter continues until entry of "a final order or judgment disposing of all claims by or against the party the attorney represents" or "a withdrawal or substitution order." E.D. Mich. LR 83.25(b)(1). Withdrawal or substitution may only

3

be by order of the court. E.D. Mich. LR 83.25(b)(2). Under Michigan's Rules of Professional Conduct, "a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client" or if "other good cause for withdrawal exists." Mich. R. Prof'l Conduct 1.16(b).

Based on counsel's representations in the motion for withdrawal, there is an irreconcilable break-down of the attorney-client relationship necessitating good cause for withdraw. However, although an individual party may proceed *pro se* on his or her own claim, only licensed attorneys may represent corporations in federal court. 28 U.S.C. § 1654; *United States v. 9.19 Acres of Land, More or Less, in Marquette County, Michigan*, 416 F.2d 1244, 1245 (6th Cir. 1969). A corporate president, officer, agent or shareholder may not represent a corporation before a federal court. 9.*19 Acres of Land*, 416 F.2d at 1245; *Nat'l Labor Relations Board v. Consol. Food Servs., Inc.*, 81 F. App'x 13 n. 1 (6th Cir. 2003) (citations omitted). The rule applies to all other artificial entities, such as partnerships, unincorporated associations and trusts. See *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993); *Dimercurio v. Comm'r of Internal Revenue, Case No. 08-1378,* 2008 U.S. App. LEXIS 27488, 2008 WL 5784519 (6th Cir. June 16, 2008). If no attorney files an appearance on behalf of a plaintiff entity, the complaint may be dismissed without prejudice*. Cheung v. Youth Orchestra Foundation of Buffalo,*

*Inc.*, 906 F.2d 59, 62 (2d Cir. 1990). A defendant corporation's failure to retain new counsel is a valid basis for a court to enter a default and thereafter a default judgment against the defendant corporation. *Youngsoft, Inc. v. Skylife Company, Inc.*, Case No. 20-12800, 2021 WL 5411958, *2 (E.D. Mich. Oct. 12, 2021).

### IV.  CONCLUSION/ORDER

For the reasons stated above,

**IT IS ORDERED** that Defendant Mullen Technologies, Inc.'s motion to withdraw Kristopher Hulliberger as counsel is GRANTED. [ECF No. 17]. Kristopher Hulliberger and Howard & Howard Attorneys are withdrawn as counsel for Defendant Mullen Technologies, Inc. in this matter.

**IT FURTHER ORDERED** that Kristopher Hulliberger and Howard & Howard serve a copy of this Order upon the Defendant MULLEN TECHNOLOGIES, INC., a California corporation and file a Proof of Service with the Court.

**IT IS FURTHER ORDERED** that Kristopher Hulliberger and Howard & Howard serve a copy of this Order upon the Defendant's in outside counsel Bill Miltner at Miltner & Menck, 402 West Broadway, Suite 960, San Diego, CA 92101 and at his email address and file a Proof of Service with the Court.

**IT IS FURTHER ORDERED** that Kristopher Hulliberger and Howard & Howard serve a copy of this Order upon Defendant's in-house counsel Jillian Green and file a Proof of Service with the Court.

**IT IS FURTHER ORDERED** that Defendant MULLEN TECHNOLOGIES, INC., a California corporation retain new counsel who shall file an Appearance in this matter within thirty (30) days from the date of this Order, then MULLEN TECHNOLOGIES, INC., a California corporation shall have twenty-one (21) days from the date an Appearance is filed within which to file an Answer to RLE's Amended Complaint. Failure by counsel to appear on behalf of Defendant MULLEN TECHNOLOGIES, INC., will result in an entry of default against Defendant MULLEN TECHNOLOGIES, INC.

**SO ORDERED.**

/s/ Denise Page Hood  
Denise Page Hood  
United States District Judge

Dated: November 21, 2025